Van Ness, J.,
delivered the opinion of the court. In the case of Jackson, ex dem. Bartlett, v. Henry, (10 Johns. Rep. 185.) it was decided, that a bona fide purchaser, without notice, under a sale duly made pursuant to the statute, by virtue of a power contained in a mortgage, is not affected by usury in the original debt for which the bond and mortgage were given. The court there considered such a sale as equivalent to a foreclosure and sale under a decree of a court of equity, and that it could not be'defeated, to the prejudice of a bona fide purchaser, on the ground of usury. That case was likened to the case of a contract originally usurious between the parties, and which has been subsequently changed by a new contract founded on *446 it, with a third person, who had no notice of the usury; in which case, such new contract could not be impeached for the usury which infected the original transaction; and also to the case of an innocent purchaser for a valuable consideration, whose title is valid, notwithstanding he may have bought from one who had obtained his title fraudulently. There are some expressions, it is true, in the opinion delivered in the case referred to, which seem to countenance the idea, that after a statute foreclosure of a mortgage, usury could not, in any case, be alleged to defeat a purchase under it; but that is not the principle upon which the decision proceeds. The general principle, that a derivative title is not better than that from which.it is derived, is specifically recognized; but the fact, that Henry was a purchaser without notice of the usury, was considered as excepting such a purchase from the operation of that principle. Much stress, in that case, was justly laid upon the circumstance of the mortgagor’s standing by, and permitting the sale to take place, and an innocent party to purchase ; who thereby acquired a preferable claim, in equity, to protection. None of these considerations apply to the case before us.
The purchaser here was a party to the corrupt agreement upon which the mortgage was given, and bought, with his eyes open, a disputed title ; he has no superior equity, but stands even in a less favoured situation, than a bona fide holder of usurious negotiable paper, who, it is well settled, cannot recover upon it. The mortgage here forms a part of the defendant’s , title; and he, being fully apprised that the mortgage was void in law, stands in no better situation than if no foreclosure had taken place. He is not in as good a situation, as a bona fide assignee of an usurious mortgage, as to whom there is no question that the mortgage would be void.
Whether, in the case put in the argument, a purchaser under a judgment, recovered upon a usurious debt with notice of the usury, would acquire a valid title or not, is a. point not now presented for decision. Most probably he would; but there is a palpable distinction between that case and this. When a cause of action has once passed in rem judicaiam, the defendant and every other person is, for ever afterwards, precluded from availing himself of any pre-existing matter, w'hich might have been insisted upon1 in bar of the recovery. The original debt ceases to have a legal existence, being merged in the *447 judgment; and the title of a purchaser under it, is derived from the judgment, independent of the debt. The purchaser, in such a case, is not obliged to trace his title further than to the judgment itself, which is conclusive evidence of the existence and legality of the debt upon which it is founded. But where the mortgage, and the power to sell, form the foundation of the purchaser’s title, as they do in this instance, if these are void, so is the title derived under them, except in the case of an innocent purchaser for a valuable consideration. For his protection, upon principles of public policy, the law benignly interposes ; but this protection is not, and ought not to be extended any further, as long as the statute against usury continues to be in force.
Although a foreclosure under the statute is substantially equivalent to a foreclosure in equity, yet it is so only when a sale has been made to a bona fide purchaser. The 5th section of the statute, which declares the effect of such a sale, is in these words: “ that no sale of any lands made, or to be made, in due form of law, by any mortgagee or others thereunto authorized, by special power for that purpose, from any person entitled to the equity of redemption, shall be defeated to the prej udice of any bonafide purchaser thereof, in favour of, or for the benefit of, any persons claiming such equity of redemption.’’ Now, the defendant in this case is not a bona fide purchaser, inasmuch as the mortgage was given upon a corrupt and illegal contract, to which he was a party. A foreclosure of a mortgage under the statute is not founded upon any judgment or decree of any court. It is the mere act of the mortgagee, who cannot make that good and effectual, by a sale, which was, unlawful and void in its inception. We are, accordingly, of opinion, that the plaintiff is ■entitled to judgment.
Judgment for the plaintiff.