OSWEGO GENERAL TERM, May, 1850.   *Gridley, Allen, and Hubbard,* Justices.

HYLAND *vs.* STAFFORD, adm'r of Loomis.

Where the purchaser of mortgaged premises at a foreclosure sale is the personal representative of the mortgagee, and has actual notice that the mortgage was usurious, he can not claim the protection of a bona fide purchaser, and will acquire no other or better title to the mortgaged premises than the mortgagee himself would obtain, on becoming the purchaser.

Where a mortgage is *usurious,* the rights and claims of the mortgagor, and those claiming under him, will not be affected by a sale of the premises under a statute foreclosure; and the purchaser will acquire no title whatever, which can avail him, either to protect his entry upon the premises or to enable him to attack the possession of a third person.

And a person taking a conveyance of the premises from the purchaser at the foreclosure sale will obtain no valid title which can be set up as a defense to an action of trespass, by the mortgagor; it being a principle well established that a derivative title can not be better than the primitive.

Where, at the time of taking such a conveyance, the premises are in the actual possession of the mortgagor, this is sufficient constructive notice of a defect in the title of the grantor, to put the grantee upon inquiry, *it seems.*

A statutory foreclosure of a usurious mortgage, and a sale of the mortgaged premises, followed by a subsequent sale thereof to a third person for a valuable consideration, without notice of the usury, will not convey a valid title to the land, or estop the mortgagor from alledging usury in the mortgage.

And in an action of trespass, by the mortgagor, against the second purchaser, for entering upon the land, it is erroneous for the judge to charge that the defendant has a perfect title to the mortgaged premises, and a right to enter thereon, unless he had, before or at the time of his purchase, notice of the usurious character of the mortgage, and that the plaintiff is bound to prove such notice.

THIS was an action of trespass *quare clausum fregit,* tried before Pratt, justice, at the Oneida circuit. The defendant, Loomis interposed a plea of title to the *locus in quo,* and on the trial, the plaintiff proved possession of the premises in himself for a number of years, and the entry by the defendant, Loomis, and the commission by him of the trespasses complained of. The defendant then gave in evidence. 1. A mortgage upon an undivided fourth of the premises from the plaintiff to one Peter Murtough then deceased. 2d. Letters of administration upon the

Hyland *v.* Stafford.

estate of Peter Murtough to John Murtough. 3d. Affidavits of the advertisement and sale of the premises by virtue of the power in the mortgage, under the statute, and the purchase thereof, upon such sale, by the administrator of the mortgagee. The affidavits showed that the notice of the sale had been posted on the door of the court house in Rome, but did not show that that was the court house nearest the premises. That it was so was proved by the defendant *aliunde*, under objection on the part of the plaintiff. 4. A conveyance of the premises by the administrator, to E. A. Wetmore, and by the latter to the defendant. The plaintiff proved that the mortgage was usurious, and that the purchaser at the mortgage sale, and his grantee, Mr. Wetmore, had, prior to their respective purchases, actual notice of the usury. The mortgage sale was on the 5th of March, 1842, and the deed to the defendant was in September thereafter. The defendant or his grantors were never in the actual possession of the premises. The judge charged the jury that the defendant had shown a perfect title to the mortgaged premises, and a right to enter thereon, unless he had before or at the time of his purchase notice of the usurious character of the mortgage, and that it was for the plaintiff to prove such notice. To this charge the plaintiff's counsel excepted, and the jury rendered a verdict for the defendant. The defendant Loomis died after the trial, and his administrator was substituted as defendant in his place, and now moved for a new trial, on a cases.

*T. Jenkins*, for the plaintiff.

*C. P. Kirkland*, for the defendant.

*By the Court*, ALLEN J. John Murtough, the purchaser at the sale, upon the foreclosure of the mortgage, acquired no other or better title to the mortgaged premises than the mortgagee himself would have acquired had he been living. 1. He was the personal representative of the mortgagee, and could not for that reason claim the protection of a *bona fide* purchaser, &c. 2d. He had actual notice of the usurious character of the

mortgage. The mortgage being usurious, he acquired no title whatever which could avail him, either to protect his entry upon the premises, or to enable him to attack the possession of a third person. The rights and claims of the mortgagee, and those claiming under him, were not affected by that law. (*Jackson* v. *Dominick*, 14 *John*. 435.) Wetmore took a conveyance of the premises from Murtough, with full notice of the invalidity of the title of his grantor. His title was therefore defective.

The plaintiff, by reason of his possession of the *locus in quo*, was entitled to recover, unless the defendant showed a legal title in himself sufficient to support an action of ejectment at his suit. (1 *Ch. Pl.* 202, 538. *Hyatt* v. *Wood*, 4 *John*. 150.) The title of the defendant's grantor would not have operated as a shield to him; and it is a principle well established, that the derivative title is no better than the primitive. *Qui non habet ille non dat.* (1 *Shep. Touch.* 243. 1 *Prest. Abr.* 244. *Jackson* v. *Dominick, supra*.) The defendant, by his purchase from Wetmore, only succeeded to his rights, which in this case would not have justified the forcible entry upon the premises, for which this action is brought; and unless the statute regulating the foreclosure of mortgages by advertisement and sale of the mortgaged premises has altered the rule of the common law in this respect, the justice erred, in his instructions to the jury, that if the defendant was a bona fide purchaser of the premises, after the statute foreclosure, for a valuable consideration and without notice of the usury, his title was valid and was a defense to the action. The statute against usury makes no exceptions in favor of *bona fide* purchasers or innocent holders of securities or property. (1 *R. S.* 772, § 5. *Opinion of Gridley, V. C. in Holmes* v. *Williams*, 10 *Paige*, 328, *and authorities cited*.) But it is contended that the statute under which the foreclosure and sale were made, and the subsequent sale by the purchaser, to the defendant, for a valuable consideration, without notice of the usury, conveyed a valid title to the premises and estop the plaintiff from alledging usury in the mortgage. That statute, after prescribing the cases in which a sale of mortgaged premises may be had, and the mode and manner of such sale, provides (2 *R. S.*

546, § 8,) that "every sale, *pursuant to a power* as aforesaid, and *conducted as herein prescribed, made to a purchaser in good faith,* shall be equivalent to a foreclosure and sale under the decree of a court of equity, so far only as to be an entire bar of all claim or equity of redemption of the mortgagor, his heirs and representatives, and of all persons claiming under him or them, by virtue of any title subsequent to such mortgage." This act was intended as a substantial re-enactment of a former statute upon the same subject, which received a construction in *Jackson* v. *Henry*, (10 *John. R.* 195,) recognized in *Jackson* v. *Dominick*, and if a title is brought within the protection of the statute, then according to the cases cited, it is immaterial whether the mortgage and power of sale, under and in pursuance of which the sale was made, were valid or invalid ; the rights of the mortgagor, as well to redeem as to contest the validity of the mortgage and power, if they are apparently valid, is barred. Is the defendant within the provisions and entitled to the benefit of the statute ?

I. The sale which is to bar the claim of the mortgagee must be " pursuant to a power contained in the mortgage." In this case the sale "*pursuant to the power*," was to Murtough, and did not bar the claim of the plaintiff. The sale from Wetmore to the defendant, was not a sale pursuant to the power, or in any respect as the attorney of the plaintiff. It was not the right of the plaintiff, as mortgagor and owner of the equity of redemption that was sold or proposed to be conveyed. It was the right and title of Wetmore claiming to own in fee, but who, in fact had no title.

II. The sale which is to be " equivalent to a foreclosure and sale under the decree of a court of equity," is to be *the* sale prescribed in the act," and *conducted as therein prescribed.* And

III. It, that is the sale in *pursuance* of the power, and conducted as in the act prescribed, is to be to " *a purchaser in good faith.*"

All these requisites must concur in the statutory sale, which is the *efficient act* equivalent to a sale under a decree of a court of equity. But in this case it is sought to make another and a

Hyland v. Stafford.

subsequent sale and conveyance, having none of the elements which give character and effect to the statutory sale, equally efficacious with it. The statute evidently contemplates and intends to provide that the claims of the mortgagor and those claiming under him, shall be barred, if at all, at the time and by means of the sale under the mortgage, and if not, that no subsequent act of the purchaser can give validity to that which was inefficient to work a change of the title at the time it was accomplished. It is a statutory bar upon which the defendant relies, and he must bring himself within its terms, which we think he has failed to do, and that his title was invalid, notwithstanding the want of actual notice of the usury in the mortgage.

If this view is right then the mortgagor can protect himself, and have the full benefit of the act to prevent usury, by attending at the public sale and giving notice of the usurious character of the mortgage and thus preventing the possibility of a sale to a purchaser in good faith, whose equities will be greater than his own. But, if the construction contended for by the defendant is correct, there is no way in which the mortgagor can avail himself of the usury, except by filing his bill to set aside and cancel the mortgage before the sale, and in that case prior to the act of 1837, he would have been compelled to bring into court the full amount of principal and interest actually due, which was not contemplated by the act to prohibit the taking of usury, or the act regulating the foreclosure of mortgages.

There is no danger of a serious derangement of the titles to real estate held under the foreclosures of mortgages, in the view now taken of the statutes. If the mortgagee or other person with notice, or whose title, for any reason, is not protected, becomes the purchaser at the mortgage sale and shall not be in the *actual* possession of the premises when he shall undertake to convey them to an innocent purchaser, the want of that possession, especially if the premises are actually occupied by a third person, will be constructive notice of some defect in the title, and sufficient to put the purchaser upon inquiry. And if the purchaser at the mortgage sale has acquired the possession of the premises by a judgment of a court of competent jurisdic-

tion, or by the assent of the mortgagor, and has, when thus in possession, transferred the title to a *bona fide* purchaser, the mortgagor would be estopped from alledging the invalidity of the mortgage title by reason of usury in its inception.

The defendant relies upon the case of *Jackson* v. *Henry*, (10 *John.* 195,) to sustain his position. But in that case the premises were sold upon the foreclosure to Robert R. Henry, a stranger to the mortgage, who some weeks afterwards conveyed the premises to John V. Henry the defendant, who was the assignee of the mortgage at the time of the foreclosure and without any notice of the usury. And the decision is put upon the ground that Henry was a *bona fide* purchaser and strictly within the protection of the statute. See comments of Van Ness, J. upon this case in *Jackson* v. *Dominick,* (14 *John.* 441 ;) per Cowen, J. in *Cameron* v. *Irwin,* (5 *Hill,* 272.) And see *Wood* v. *Colvin,* (2 *Id.* 566.) If John V. Henry, the assignee of the mortgage, had been the purchaser at the sale, it is possible but by no means certain to my mind, that his title then acquired would not have been protected under the statute. It is true his character of bona fide assignee of the mortgage, without notice of the usury, would not have made it a valid instrument in his hands, but at the foreclosure sale he had the same rights that every other person had, and the same equities, as well as legal duties and liabilities, attach to those rights. Had he become the purchaser he would have been literally a bona fide purchaser of the mortgaged premises, at a sale in which he acted as the attorney of the mortgagee, and had the same right to bid as any other person, and might have been a bona fide purchaser of the premises. (*See Jackson* v. *Packard,* 6 *Wend.* 415 ; *Jackson* v. *Tuttle,* 9 *Cowen,* 233.)

The question of the effect of the actual possession of the premises by the plaintiff, at the time of the purchase by the defendant, as constructive notice of the defect in the title of Wetmore, was discussed upon the argument, but I do not think it necessary to decide it at this time, in the view we take of the other questions in the case, and also for these reasons : 1. Wetmore having no title could transfer none to the defendant. He

had no apparent right to the premises, aside from his paper title, acquired by any act, assent, default or omission of the plaintiff, which at law or in equity should estop the latter from disputing his rights. 2. It is not a question as to the equities of the parties. The legal title is the only thing in dispute. 3. The title of a purchaser for a valuable consideration without notice is a shield to defend the possession of the purchaser, not a sword to attack the possession of others. (2 *Sug. on Vendors*, 308. *Beekman* v. *Frost*, 18 *John.* 543. 3 *Ves.* 225.) My impression however, is that the actual possession of Hyland was sufficient to put the defendant upon inquiry. Hyland and Wetmore were not in fact tenants in common, for the reason that Wetmore had no title to the premises and had never been in the actual possession of any part thereof, and the plaintiff in possession had never recognized his right to the possession or to the premises. (*Jackson* v. *Rowe*, 4 *Russ.* 514.) Tenancy in common exists only when there is a unity of possession, and must exist in fact before the legal consequences of that relation can follow. (2 *Black. Com.* 191.) But if they were in fact tenants in common, then it by no means follows that Loomis did not take the title of the tenant out of *actual* possession, subject to all the equities existing in favor of the party in actual possession. (*Story's Eq. Jur.* § 400. *Per Lord Loughborough in Taylor* v. *Shibbert*, 2 *Ves.* 440. *Davies* v. *Davidson*, 16 *Id.* 249.)

Two questions were made upon the argument, as to the validity of the mortgage sale, which, in the view I have taken of the case, need not be decided upon the motion, and which will therefore be but briefly alluded to. It was insisted in behalf of the plaintiffs, 1. That the sale was void, for the reason that it did not appear that the premises were sold in parcels, in pursuance of the statute. (2 *R. S.* 546, § 6.) This objection appears to be untenable for two reasons. (1.) It was not taken at the trial; and (2.) It does not appear that the mortgaged premises consist of "distinct farms, tracts or lots," and were described in the mortgage as such. On the contrary the inference is rather that they composed but one farm. The undivided fourth of the entire premises was mortgaged as an undivided interest in an

Hyland *v.* Stafford.

entire farm or tract, and not of two or more tracts or farms. 2. The counsel for the plaintiff insisted that the affidavit of the posting of the notice of sale should have shown that it was posted upon the door of the court house nearest the mortgaged premises, (2 *R. S.* 545, § 3, *sub.* 2, *and* § 10,) and that this fact could not be established *aliunde.* But I am of the opinion that the affidavit was sufficient. Reasonable certainty, and a substantial compliance with the statute, is all that is required. The affidavit disclosed upon the door of which court house the notice was posted; and the maxim *id certum est quod certum reddi potest* would help out the affidavit and enable the party to show by proof *aliunde* that the notice was posted upon the door of the proper court house. It is by no means certain that an affidavit stating that the court house upon the door of which the notice was posted was the nearest to the mortgaged premises, would be presumptive evidence of that fact, within the act, (2 *R. S.* 547, § 12.) The statute contemplates affidavits, only of the acts of the parties, and is designed to perpetuate the evidence of those acts ; but I do not understand it as going further, and authorizing the proof of other facts by those affidavits, or dispensing with the common law proof of other facts. The records show when the notice was posted; and any one interested can easily ascertain whether the requirements of the statute have been complied with. This was the design of the act, and I think it was well complied with.

But upon the main ground that the judge erred in his charge to the jury, as to the necessity of notice to Loomis of the usury in the mortgage, a new trial must be granted; costs to abide the event.

New trial granted.