ALICE J. ALDEN, APPELLANT, v. GEORGE S. DIOSSY, RESPONDENT.

*Usury — to authorize the cancellation of a collateral obligation, not given by the borrower, the money actually loaned must be returned.*

Where a wife, in order to secure a loan made to her husband, executes a chattel mortgage upon her separate property, she cannot maintain an action to have the same canceled, on the ground that the loan was usurious, unless prior to the commencement thereof she has tendered to the lender the amount actually loaned, and so alleges in her complaint.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought to have a chattel mortgage given by plaintiff to defendant canceled, on the ground that it was given to secure an usurious loan. The loan was made to the plaintiff's husband.

*Samuel J. Crooks*, for the appellant.

*Erastus New*, for the respondent.

INGALLS, J.:

The judgment should be affirmed. The complaint shows that the loan was made to the husband of the plaintiff, and she executed the mortgage in question for his benefit. She, therefore, became a surety for her husband, and consequently cannot be regarded as the borrower of the money in such sense as to enable her to maintain this action, without showing that previous to the commencement of the action she had tendered to the defendant the money actually loaned, and in her complaint so alleged. Such tender is indispensible to the maintenance of an action in equity by any party, except the actual borrower of the money, to avoid a contract tainted with usury.

A surety must establish an offer to return that which has actually been received, before a court of equity will interpose to relieve the surety. (*Fanning* v. *Dunham*, 5 Johns. Ch., 122; *Dey* v. *Dunham*, 2 id., 182; *Campbell* v. *Morrison*, 7 Paige Ch., 157; Story's Eq. Jur., § 301.) "If the borrower comes into a court of equity, seeking relief against the usurious contract, the only terms upon which the court will interfere are that the plaintiff will pay the defendant what is really and *bona fide* due him, deducting the usurious interest; and if the plaintiff do not make such offer in his bill, the defendant may demur to it and the bill will be dismissed." (*Rogers* v. *Rathbun*, 1 Johns. Ch., 367; *Bissell* v. *Kellogg*, 60 Barb., 631.) The statute of 1837, chapter 430, does not apply to this case, as the plaintiff cannot be regarded a borrower within that statute. (*Wheelock* v. *Lee*, 64 N. Y., 243; *Marsh* v. *House*, Vol. 6 N. Y. Weekly Dig., 58; *Post* v. *The Bank of Utica*, 7 Hill, 391.) The plaintiff did not ask to amend, or even pretend that any such offer had been made to the defendant.

We perceive no escape from the consequences of such defect in the plaintiff's case, and conclude that the judgment must be affirmed, with costs.

DAVIS, P, J., concurred; BRADY, J., taking no part.

Judgment affirmed, with costs.