EDWARD JORDAN *vs.* J. W. HUMPHREY.

February 12, 1884.

**Appeal—Sufficiency of Evidence to sustain Verdict or Findings.**—The question as to the sufficiency of evidence to justify a verdict or special findings of fact by a jury, which has not been considered and passed upon by the trial court, will not be considered in this court. Otherwise as to findings made by the court upon the evidence, on a trial without a jury.

**Usurious Contract — Substituted Security—Mortgage—Foreclosure— Bona Fide Purchaser.**—Under Gen. St. 1878, c. 23, usurious contracts, except as provided in the case of certain innocent purchasers, are absolutely void; and the effect of the statute is not avoided by the substitution of a new security for one infected with usury. And, except in favor of a *bona fide* purchaser, a foreclosure sale made under a power contained in a mortgage void for usury, works no estoppel against the mortgagor, and the purchaser is in no better position than if no sale had been made. *Taylor* v. *Burgess*, 26 Minn. 547, and *Merchant* v. *Woods*, 27 Minn. 396, distinguished.

**Bona Fide Purchaser defined.**—To constitute a *bona fide* purchaser or assignee upon such foreclosure sale, the purchase or assignment must be made for a valuable consideration, and without notice.

**Usury—Bonus taken by Agent of Lender.**—Upon a loan of money intrusted to an agent for such purpose by his principal, and which is secured by a mortgage for the full sum loaned, with lawful interest, the voluntary act of the agent in reserving a "bonus" for his own benefit, without any collusion with the mortgagee, who does not appear to au-

thorize or ratify the act, or to derive any benefit from it, is not presumptively a cover for usury on the part of the lender, and does not make the loan usurious. And receiving the mortgage and attempting to enforce it for the amount actually loaned, with lawful interest, does not amount to a ratification. The illegal act of an agent in such case is not to be deemed within the scope of his agency; following *Acheson* v. *Chase*, 28 Minn. 211.

Appeal by defendant from a judgment of the district court for Scott county, *Macdonald*, J., presiding.

*Brown & Hawkins*, for appellant.

*E. Southworth*, for respondent.

VANDERBURGH, J. The plaintiff, the assignee of the purchaser upon foreclosure sale under the mortgage in question, brings this action to restrain the defendant mortgagor from committing waste upon the mortgaged premises during the time allowed for redemption. The principal defence is that the contract of loan for which the mortgage was given was infected with usury, and that the mortgage and foreclosure proceedings are void. We think there was sufficient evidence to support the finding of the trial court that the defendant has committed waste as charged, and was threatening to continue it.

1. Upon the charge of usury, special issues were submitted to a jury, who found substantially that the sum of $20 was retained by the mortgagee, Fitch, out of the sum of $400 agreed to be loaned, and which the mortgage purports to secure, as excessive interest, and to evade the usury law of the state. The remaining issues were tried by the court, which found upon the evidence that the plaintiff took the assignment without notice of the alleged usury, and was a purchaser in good faith, and accordingly ordered judgment for the plaintiff on that ground. The question as to the sufficiency of the evidence to sustain the verdict was not passed on by the trial court, and is not reached by this appeal. *Byrne* v. *Minn. & St. L. Ry. Co.*, 29 Minn. 200; *Edgerton* v. *Jones*, 10 Minn. 341, (427.) Hence, we are to assume the existence of the facts found by the jury. But the findings and decision made by the court upon the evidence, and complained of by the appellant, may be considered here. *St. Paul F. & M. Ins. Co.* v. *Allis*, 24 Minn. 75.

2. Except as to the rate of interest allowed, the statute prohibiting usury in this state (Gen. St. 1878, c. 23,) is in the main a transcript of the statute of New York, which follows the English statutes upon the subject. Under these acts it is well settled that, except as to innocent purchasers in certain cases, the usurious contract and all securities given therefor are absolutely void. And the effect of the statute is not avoided by the substitution of a new security for one infected with usury. *Austin* v. *Burgess*, 36 Wis. 186, 192; *Lee* v. *Peckham*, 17 Wis. 383; *Williams* v. *Fitzhugh*, 37 N. Y. 444, and cases cited; Tyler on Usury, 395.

3. It would have been sufficient for plaintiff's protection if he had shown either that he or his assignor, Kelly, was a *bona fide* purchaser. It was not sufficient that he or his assignor did not appear to have had notice of the circumstances of the loan, or the usurious character of the transactions. It should have appeared also that a valuable consideration was in fact paid upon the purchase or assignment. This was not shown as to plaintiff, and, as respects Kelly, the sheriff who made the sale testifies that no purchase-money was in fact paid on the sale, save the costs only, which were paid by the attorneys of the mortgagee. *Minor* v. *Willoughby*, 3 Minn. 154, (225;) *Bank of Farmington* v. *Ellis*, 30 Minn. 270.

4. The plaintiff therefore occupies no better position than the mortgagee. The general rule is that where the debtor suffers property pledged or mortgaged to be regularly sold to an innocent purchaser, he will not be permitted to question the validity of the sale on the ground that the original security is infected with usury. This doctrine may be supported upon the principle of equitable estoppel, as well as upon grounds of public policy. *Cuthbert* v. *Haley*, 8 Term Rep. 390; *Jackson* v. *Henry*, 10 John. 186, 195; 1 Jones on Mortgages, § 646; *Mumford* v. *Am. Life Ins. Co.*, 4 N. Y. 463, 485. But as to the creditor or an assignee not *bona fide*, a foreclosure sale made under a power contained in a void mortgage, or one that has been fully paid, works no estoppel against the mortgagor, and in such case the purchaser is in no better position than if no sale were made. *Jackson* v. *Dominick*, 14 John. 435. "A foreclosure of a mortgage under the statute is not founded upon any judgment or decree of any court.

v.31—32

It is the mere act of the mortgagee, who cannot make that good and effectual by a sale which was unlawful and void in its inception." Id. 443. *Hyland* v. *Stafford*, 10 Barb. 558; *Bissell* v. *Kellogg*, 60 Barb. 617, 628; *Warner* v. *Blakeman*, 4 Abb. Ct. App. Dec. 530; *Lee* v. *Peckham*, 17 Wis. 383, 391. In *Taylor* v. *Burgess*, 26 Minn. 547, under the statute then in force, the mortgage security was not invalid, and the foreclosure was not therefore void. And in *Merchant* v. *Woods*, 27 Minn. 396, a mortgage which had been paid up was suffered to remain undischarged of record by the mortgagor or his assigns, and an innocent purchaser bid in the premises upon fore-closure.

The result is that, upon the case as presented by the record, there should be a new trial.

Inasmuch, however, as counsel have argued the question of the sufficiency of the evidence to justify the findings of the jury upon the charge of usury, it seems proper, in view of another trial, for us to indicate our views upon this branch of the case also. The burden of proof, to make out a case of usury, rests upon the party alleging it, and it may well be doubted if the record discloses evidence sufficient to support the special verdict. The loan was made through How & Sencerbox, agents at Shakopee, who examined the security, reported to Lewis & Kelly, loan agents at Minneapolis, for whom they acted, and received from them the mortgage drawn up and running to Fitch, the mortgagee, together with the principal sum of $400, being the full amount agreed to be loaned. When the mortgage was executed they reserved $20 out of the sum as a "bonus" for obtaining the loan, and $5 for expense of abstract and record. Of this sum, $8 was retained by them in pursuance of their arrangements with Lewis & Kelly, and $12 was forwarded to the latter with the mortgage. Fitch was not known in the transaction, save as represented by these agents, and we fail to discover any evidence tending to show that he directly or indirectly derived any benefit from the *bonus*, or in any way authorized, or participated in, or ratified the acts of his agents in receiving it. There is nothing to show that he knew of it. As respects his connection with the transaction, the evidence is undisputed that Fitch received the mortgage for the precise amount loaned, with lawful in-

terest, and that the *bonus* was taken out by How & Sencerbox, to be shared by them and Lewis & Kelly exclusively, for their mutual compensation and profit. A *bonus* thus taken out by agents for their own benefit, and without any collusion with the lender, who neither authorizes nor ratifies the act nor derives any benefit from it, is not presumptively a cover for usury on his part, and does not make the loan usurious. And receiving the mortgage and attempting to enforce it for the amount actually loaned, with lawful interest, does not amount to a ratification. And this appears now to be the prevailing doctrine. *Acheson* v. *Chase*, 28 Minn. 211, and cases cited; 1 Jones on Mortgages, § 642; *Van Wyck* v. *Watters*, 16 Hun, 209; *S. C.*, 81 N. Y. 352; *Mutual Life Ins. Co.* v. *Kashaw*, 66 N. Y. 544; *Gray* v. *Van Blarcom*, 29 N. J. Eq. 454; *Gokey* v. *Knapp*, 44 Iowa, 32; *Eslava* v. *Crampton*, 61 Ala. 507; *Phillips* v. *Roberts*, 90 Ill. 492; *Rogers* v. *Buckingham*, 33 Conn. 81. Where the authority of the agent is special and limited,—and nothing further can be inferred in this case,—the relation of the parties cannot be presumed to authorize the illegal exaction of a *bonus* by an agent, and such act is not therefore to be deemed within the scope of his agency. Wharton on Negligence, § 161; *Acheson* v. *Chase, supra; Sniffen* v. *Koechling*, 45 N. Y. Super. Ct. 61.

Whether a different rule should not prevail in the case of a general agency, as held in some cases, we do not now consider. *Austin* v. *Harrington*, 28 Vt. 130; *Rogers* v. *Buckingham, supra.*

Judgment reversed.