(48 Misc. Rep. 189)

### BONACKER v. WEYRICK et al.

#### (Rensselaer County Court. August, 1905.)

MORTGAGES—FORECLOSURE—SALE—RIGHTS OF PURCHASER.

A purchaser at foreclosure sale was not a purchaser in good faith with-
in Code Civ. Proc. § 2395, nor was his title duly perfected as required by
section 2232, so as to entitle him to maintain summary proceedings to re-
cover possession of the premises; it appearing from the notice of sale
that no payment had been made upon the mortgage from 1874 until 1904,
and that the premises had been transferred by a deed which did not refer
to the mortgage, and the attorney of the owner having appeared at the
foreclosure sale and given notice that the mortgage was invalid.

Action by Adam E. Bonacker against Frances Weyrick and James
Powell. Judgment for defendants.

Elliott I. Stiles, for plaintiff.
John J. McManus, for defendants.

TIERNEY, J. This is a proceeding brought by Adam E. Bonacker
under subdivision 2 of section 2232 of the Code of Civil Procedure, for
the removal of Frances Weyrick and James Powell from property, No.
58 Fowler avenue, in the city of Rensselaer, N. Y.

The conditions under which the petitioner claims title and right of
possession are as follows: On November 20, 1869, David Welch, the
then owner of the property in question, gave a mortgage on said prop-
erty to Thomas Hayes for the sum of $750, and said mortgage was duly
recorded in the Rensselaer county clerk's office on the 25th day of No-
vember, 1869, in Book of Mortgages No. 121, page 389. There are
various assignments of said mortgage down to December 1, 1874, when
it came by assignment into the hands of John Templeton, cashier of
the Albany County Bank, and so far as the records show remained in
his hands until the 7th day of October, 1904, when it was duly assigned
to Adam E. Bonacker, the petitioner herein, and said assignment was
recorded in Rensselaer county clerk's office, October 28, 1904. Fifty
dollars of principal was paid on said mortgage, and the interest was
paid up to the 30th day of November, 1874, since which date no princi-
pal or interest has been paid upon it, and no promise in writing to pay
the debt secured by the mortgage other than the instrument itself has
ever been made. In the fall of 1904, Bonacker commenced proceedings
to foreclose this mortgage by advertisement, and the foreclosure sale
was had on the 26th day of January, 1905, and he (Bonacker), the as-
signee as aforesaid, was the only bidder, and became the purchaser of
the property for the sum of $50.

It is contended on behalf of Mrs. Weyrick and Powell that David
Welch, the mortgagor, sold the mortgaged property in 1874 to Annette
A. E. Du Belle Ayer, by warranty deed, which did not refer to the

mortgage in any way; that Miss Ayer was the owner of the property until January 13, 1905, when she sold the same to Mrs. Frances Weyrick, and that neither Miss Ayer or Mrs. Weyrick either assumed or recognized said mortgage in any way; and that the petitioner is not entitled to the benefit of section 2395 of the Code of Civil Procedure, for the reason that he is not a purchaser in good faith and the title under the foreclosure has not been duly perfected as required by subdivision 2 of section 2232 of the Code.   In his notice of sale the petitioner set forth all of the facts with reference to the date of the mortgage, the assignments, and the period of time which elapsed since which any payment of principal or interest has been made, which lapse of time would seem to bring the mortgage within the purview of the statute of limitations, adverse possession, and also gives the date of the conveyance by warranty deed by Welch to Annette A. E. Du Belle Ayer, and besides this the attorney for Mrs. Weyrick and Powell appeared at the sale under the mortgage foreclosure proceedings of the petitioner and gave notice that the mortgage was invalid by reason of the lapse of time since any payment had been made thereon.

In the case of Jackson v. Dominick, 14 Johns. 435, the mortgagee (in this case the assignee) who foreclosed the mortgage was a purchaser, and the court held that he dd not get a good title at the sale for the reason that the mortgage was tainted with usury, and he, being a party to the contract, was chargeable with notice.   In this case knowledge of the fact that the statute had run is shown to have been in the possession of the assignee and petitioner by his own statement of the matter in the foreclosure proceedings.   In Bissell v. Kellogg, 60 Barb. 617, affirmed 65 N. Y. 432, it was held that the foreclosure by advertisement of a mortgage tainted with usury will not operate to convey a good title except to a bona fide purchaser at the advertised sale, and this can be prevented by giving notice of the usurious character of the mortgage at the time of the sale.   While both of these cases which I have cited involved a usurious condition, instead of the running of the statute of limitations or adverse possession, yet it seems to me they are sufficiently analogous in principle to make them applicable to the case in hand and under either of these cases I cannot say that the petitioner was a purchaser in good faith within the reading of section 2395 of the Code or that his title was duly perfected as required by section 2232.

Adverse possession or presumption of payment may be used as a shield to an attack made upon the rights of a person claiming title and right of possession under it.   It cannot be used as a ground of affirmative relief or as a weapon of attack.   It seems to me that Mrs. Weyrick did all that she was called upon to do, and in fact all that she could do, with such defense as she had, by giving notice, at the time of the sale under foreclosure proceedings, of the invalidity of the mortgage upon which the proceedings were based, and that she has never been able up to now to have her day in court, and that the more proper procedure for the petitioner would be an action in ejectment or an action under article 5, tit. 1, c. 14, of the Code, where the whole case can be threshed out without advantage or prejudice to either side.

I therefore decide that the petition herein be dismissed, with $10 costs.   An order may be entered accordingly.

Ordered accordingly.