## CARLIS vs. McLAUGHLIN.

If a creditor agree to receive more than legal interest for the forbearance of an antecedent debt, and such illegal interest be included in an obligation given on a settlement of such debt, such obligation is void, it being for a loan of money, within the statute.

THIS was an action of *assumpsit* on a promissory note, bearing date the 4th of May, 1793, for £19, 18s. payable on demand with interest.

*Chittenden,*
*Adj'd term,*
*1797.*

Chittenden,
Adj'd term,
1797.

Carlis
vs.
M'Laughlin

The defendant pleaded in bar, that on the said 4th day of May, 1793, it was corruptly agreed between the plaintiff and defendant, that the defendant, for the loan of £19, 18s. for which, the note on which the suit was brought, was given, should give to the plaintiff for forbearance, more than at the rate of six per cent. per annum, to wit, ten shillings more than the legal interest, at the rate of six per cent. per annum, which was reserved and contained in said note. Which plea was traversed by the plaintiff.

It appeared in evidence, that on the 4th day of May, 1793. the plaintiff held two notes against the defendant, one signed by defendant for seven and a half bushels of wheat, the other signed by defendant and one ———— for forty-six bushels and thirty quarts of wheat, both on interest and dated at Haverhill in New-Hampshire, where the plaintiff resided. On the 4th day of May, 1793, the plaintiff called on the defendant, and demanded the payment of said notes—the defendant said that he could not at that time make payment. The plaintiff offered to wait if the defendant would give a new note, allowing six shillings per bushel on the principal and interest of the old notes, and give ten shillings more for waiting. The defendant at first refused; but on the plaintiff's threatening to leave the notes with an attorney for collection, he complied and gave his note to the plaintiff for sixty-four bushels of wheat, payable on demand with interest. This, reckoning the wheat at six shillings per bushel, the same price at which the settlement was made on the old notes, included ten shillings over and above the principal and interest.

CHIPMAN, Ch. J., after stating the case and the evidence to the Jury, observed—It stands uncontradicted in evidence, that in taking this note, which was for an antecedent demand on two other notes for a certain quantity of wheat, the legal interest was reserved, and according to the agreement and computation of the plaintiff and defendant, the sum of ten shillings was added to the note, for the forbearance of about £19, an indefinite time, or rather during the pleasure of the plaintiff, the note being payable on demand. This is so much over and above the legal interest and was demanded by the plaintiff as a consideration for present forbearance.

It has been contended by the plaintiff's counsel, that there can be

no usury, unless it be on an original contract—that the statute does *Chittenden,* not extend to a note or other security, given for an antecedent debt, *Adj'd term, 1797.* as the renewal of a note, &c. Were this construction to prevail, the statute would always be evaded. There certainly may be a *Carlis* loan of money or other things already due, as well as of money ad- *vs.* *M'Laughlin* vanced at the time; and if there be any moral turpitude in taking usury in any case, the turpitude is of a deeper dye, in the case where advantage is taken of the inability of the debtor to pay an antecedent debt, than in the case where the debtor voluntarily contracts to pay usury for an advance of money.

Verdict for defendant.