Rogers *v.* Buckingham.

## SUPREME COURT OF ERRORS.

NEW HAVEN COUNTY, SEPTEMBER TERM, 1865.

Present,

HINMAN, C. J., DUTTON, BUTLER AND PARK, JS.

### SAMUEL T. ROGERS *vs.* JOHN BUCKINGHAM.

A loan which if made by the principal would be usurious, is not usurious if made by an agent, and the excess of interest is paid or stipulated to be paid to the agent, for the use and benefit of the agent only, without prior authority from the principal or subsequent knowledge and ratification by him.

Authority to make an usurious loan will not be presumed where the agency is special, and limited to a single transaction. It may be presumed where the agency is general, and embraces the business of making, managing and collecting the loans of a monied man. But it is a presumption of fact and may be rebutted.

The principle adopted in *Fisher* v. *Bidwell,* 27 Conn., 363,—that a party plaintiff in an action on an usurious contract is entitled to recover interest in the nature of damages on the principal sum loaned, or so much of it as may be unpaid at the time it falls due, from the time when it becomes due and it is the duty of the debtor to pay and he does not—though just and equitable, is not to be extended beyond an analogous case. It is not applicable to a loan on time which is not due, and in respect to which there has been no default; nor to a loan which was intended by the parties to lie, and there has been no demand. But it will be applicable in either case after the debt is due and demanded and there has been default.

ASSUMPSIT, on a joint and several note executed by the defendant with Aner Bradley, Jr., and Scovill M. Buckingham, dated February 5th, 1853, for the payment to David Buckley or order, on demand, of the sum of five hundred dollars. The defendant pleaded the general issue, with notice of the defense of usury. The case was referred to an auditor, by whom the following facts were found.

David Bulkley, the payee of the note, died in October, 1860, owning the note; and soon after his administratrix endorsed and delivered the note to the present plaintiff, that suit might be brought in his name thereon for the benefit of all parties interested. When the note was made David Bulkley resided in the town of Monroe, in Fairfield County, and owned money which he was accustomed to loan, but, in consequence of blindness and the infirmities of advanced age, being then eighty-three years old, he was unable to attend personally to the investment of his funds, and therefore confided to his son, Sturges Bulkley, who resided in Waterbury, the negotiation and care of his loans. Sturges Bulkley, accordingly, was at the time, and so continued to be until his death in 1857, in the habit of procuring money from his father for borrowers, receiving and holding their notes, collecting the interest thereon and the principal as it matured, and accounting to his father therefor. The present note was given for $500 of David Bulkley's money which Sturges Bulkley, acting in the above relation, had procured for and loaned to Aner Bradley, Jr., upon the application of Bradley to him therefor; and neither Bradley, nor either of the other signers of the note, had any personal communication with David Bulkley with reference to the loan. When the loan was made and note given it was understood between Sturges Bulkley and Bradley, that Bradley was to pay forty dollars per annum for the use of the money, $10 to be paid as a distinct payment in advance of the year, and $30 at the expiration of the year. And pursuant to this understanding $10 was paid by Bradley to Sturges Bulkley when the note was given, and at the expiration of the year $40, it being understood that $30 of this last payment was to apply as interest for the expired year. And in this manner a payment of $40 was made by Bradley to Sturges Bulkley each subsequent year during the life of Sturges Bulkley, and after his death a like payment was made in 1858 to his daughter, now the wife of the present plaintiff, a payment of $35 to his daughter in 1859, and a like payment of $35 to her in 1860, and a like payment of $35 to the present plaintiff in 1861—the parties

Rogers *v.* Buckingham.

in 1858 agreeing that the usual payment of ten dollars should be reduced to five. It was not found that David Bulkley in fact knew of the arrangement between Sturges Bulkley and Bradley for the payment of $10 and the yearly payment of $40, or that Sturges Bulkley accounted to David Bulkley for the $10, or for that portion of the yearly payments exceeding $30. If upon these facts the law should be held to be so that the note in the hands of the plaintiff was to be deemed made in violation of the statutes against usury, the auditor found that there was due to the plaintiff the sum of $185, but otherwise the sum of $623.33.

The case was reserved on these facts for the advice of this court.

*H. B. Harrison,* for the plaintiff.

1. As to the defence of usury the burden of proof is on the defendant. He must fail unless the facts found conclusively establish the usury exactly as he has pleaded it. This defence is not favored by courts, and they will not help it out by intendment. *Jarvis's Appeal from Probate,* 27 Conn., 432, 446; *Drake* v. *Watson,* 4 Day, 37; *Wilmot* v. *Munson,* id., 114; *Hutchinson* v. *Hosmer,* 2 Conn., 341; 3 Chitty Pl., 909 and notes, 966 and notes.

2. The question of usury is a question of intent. The essence of usury is a "corrupt agreement" between the lender and the borrower, involving a corrupt intent on the part of each. *Smith* v. *Beach,* 3 Day, 268; Edwards on Bills, 356; 2 Parsons on Notes and Bills, 405. In this case David Bulkley, the lender of the money and payee of the note, had no such intent. The note was lawful upon its face. The law will not avoid it by imputing to the innocent payee the corrupt intent of another person. The law will never raise a fiction contrary to the actual fact for the purpose of doing injustice.

3. The rule which in certain cases holds a principal responsible to an innocent third party for an unauthorized deception or other wrong done to the injury of that third party by an agent acting within the apparent scope of his agency, does

not apply to this case. Here the agent in agreeing to take usury was manifestly acting beyond the apparent scope of his authority. It was not within the apparent scope of his authority to violate the laws of the land. Again, the borrower was not deceived; neither was he innocent. *Clark* v. *Metropolitan Bank*, 3 Duer, 241; *Condit* v. *Baldwin*, 21 Barb., 181; *S. C.*, 21 N. York, 219; *Farmers' Loan & Trust Co.* v. *Clowes*, 3 Comst., 470; *Baxter* v. *Buck*, 10 Verm., 548; *Fellows* v. *Commissioners of Oneida*, 36 Barb., 655; *Bowers* v. *Douglass*, 2 Head, 376; *Goodhue* v. *Dix*, 2 Gray, 181; 2 Hilliard on Torts, 524, 553 and note.

4. Even if the note were held usurious, we should be entitled to damages at six per cent. for the detention of the principal from the time when it became due. *Fisher* v. *Bidwell*, 27 Conn., 363. The principal became due instantly upon the giving of the note. *Lockwood* v. *Crawford*, 18 Conn., 371; 1 Parsons on Notes and Bills, 38, 263, 264, and note; 2 id., 639, 642.

*Webster*, for the defendant.

1. Had David Bulkley in person conducted the negotiation the contract without a doubt would be held to be usurious. A party can no more take usury by an agent than he can take it in person, for the act of an agent is in law the act of the principal. The case finds that David Bulkley constituted Sturges Bulkley his agent, to whom he confided the negotiation and care of his loans, and that he was acting in that relation when the contract in question was made. The contract to pay $40 per year was made, so far as the defendant knew, for the sole benefit of David Bulkley, and that sum was paid to the agent of the lender for him. Having established the fact that Sturges Bulkley was the agent of the lender, to whom was confided the sole negotiation and care of his loans, the possession of his notes, and the collection of the interest thereon, and the principal as it matured, and of accounting to his father the lender therefor, and that payments were made from year to year by the defendant in accordance with the original understanding and agreement upon the note in question, it is fair to presume that the agent accounted to his

principal in this case as in others for the money received by him, and the burden of proving that he did not thus account is cast upon the plaintiff. It is true the auditor does not find that he did account, neither does he find that he did not account.

2. The present plaintiff, having brought suit upon this note and claiming all the benefits to accrue from it, has adopted the acts of the agent, and claiming its advantages he must take its disadvantages. 1 Parsons on Contracts, 46, 47; Story on Agency, § 250.

3. The plaintiff is not entitled to recover interest as damages, for the reason that it appears from the report that the sum loaned was to lie for an indefinite period, and consequently there was no detention of the principal by which damages have resulted to the plaintiff. *Fisher* v. *Bidwell,* 27 Conn., 363 ; *Lockwood* v. *Crawford,* 18 id., 372 ; *Tomlinson Carriage Co.* v. *Kinsella,* 31 id., 274.

4. The statute of 1849 not only applies to cases where usurious interest is reserved or taken at the inception of the contract, but also to cases where interest beyond the rate allowed by law is reserved or taken for further forbearance of loans previously made. Whether therefore there was a corrupt agreement at the inception of this note or not, the payment of usurious interest to the wife of the plaintiff in 1858, 1859 and 1860, and the like payment to the plaintiff in 1861, come within the provisions of the statute. *Kelsey* v. *Burgis,* 24 Conn., 450.

BUTLER, J. This would have been unquestionably an usurious loan if made by David Bulkley. It was in fact made by his son as his agent. The question in the case is therefore one of authority. If the loan as made was authorized originally by David Bulkley, or was subsequently and intelligently ratified by him, it was usurious; but if the additional sum of ten dollars was exacted by and paid to the agent for the use and benefit of the agent only, without prior authority from the principal, or subsequent knowledge and ratification by him, it was not usurious.

It is not found as a fact that the agent was authorized to take the usurious excess. Such authority will not be presumed where the agency is special, and limited to a single transaction. It may be presumed where the agency is general, and embraces the business of making, managing and collecting the loans of a monied man ; and the facts found show such an agency in this case. But it is a presumption of fact and may be rebutted, and whether it was or not in this case, it was the duty of the auditor to determine. As the facts found show a general agency we must assume that he would have found the authority unless the presumption was rebutted, and when he says that he does not find that David Bulkley knew of the arrangement or received the excess, we must take it as a substantial finding that he did not authorize or ratify it. And we think that the peculiar and distinct manner in which the ten dollars excess was agreed to be paid, in connection with the other facts found, would have justified the auditor in finding that it was an unauthorized exaction by the agent for his compensation, and must have been so understood by the borrower.

But that finding does not cover the whole ground. Sturges Bulkley died in 1857. There is nothing to show that David Bulkley did not then come to a knowledge of the nature of the transaction, and assent to a continuance of the arrangement, as continued in his behalf, and receive the excess paid. If he did, as we may presume, then and thereafter the loan became usurious as to him, and all subsequent payments of interest should be holden payments of principal.

I do not think the principle adopted in *Fisher* v. *Bidwell*, though just and equitable, should be extended beyond an analogous case. That principle is not applicable to a loan on time which is not due, and in respect to which there has been no default; nor to a loan evidenced by a note on demand which was intended to lie, and where there has been no demand and no default and consequently no damage. In this case the note was on demand, was intended to lie, and was never demanded until the suit was brought, and then all the payments had been made.

The superior court should be advised to allow and deduct from the amount loaned the payments made after the death of Sturges Bulkley, with interest on them from the time when made till the time of demand made by the commencement of the suit, and render judgment for the balance of the original loan, with interest on such balance from the commencement of the suit. That method of computation will give the defendant the interest on his payments, which can not otherwise be had, as there is no interest from which to deduct them, and give to the plaintiff interest as *damages* on the principal for its detention after it was demanded, and it became the duty of the defendant to pay it, in conformity to the principle adopted in *Fisher* v. *Bidwell.*

In this opinion DUTTON and PARK, Js., concurred. HINMAN, C. J., being related to one of the parties, did not sit.