Ottillie vs. Wæchter and others.

OTTILLIE VS. WÆCHTER and others.

PRACTICE: (1) *Time for filing exceptions.*   (2) *Trials of fact by court—Time for entering judgment—Effect of judge signing the judgment in another county.*

USURY: (3) *Compensation to agent of borrower not usurious.*   (4) *Evidence of other usurious transactions inadmissible.*

1. Exceptions were left at the office of the clerk of the circuit court, within the time allowed for filing the same, but, by reason of the absence of the clerk and his deputy, were not actually filed until the time had expired, when they were filed *as of the day* when they were left.   The court ordered the clerk to erase the date "June 29" indorsed thereon (as the date of filing), and insert in lieu thereof "August 14."   The exceptions being sent up to this court as a part of the record on appeal, a motion to strike them out is denied, on the ground that said order must be regarded as equivalent to *leave granted* to file them as of the 14th of August.

2. Sec. 19, ch. 132, R. S., provides that upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk "within twenty days after the court at which the trial took place; and that judgment upon the decision shall be entered accordingly." *Held,*

(1.) That the statute is *directory*, so far as it fixes *the time* within which the decision must be filed.

(2.) That judgment is to be entered upon the decision as *a matter of course*, and the fact that the judge who made the decision signs the judgment at the term of the *circuit court for some other county*, does not affect the validity of the judgment, or change its character as the judgment of the circuit court for the county of trial.

3. A loan of money at the highest legal rate of interest is not rendered *usurious* by the facts that one who acts *solely as the agent of the borrower* informs the lender, before the loan is made, that he (such agent) is to receive, and that he does in fact receive, a certain sum from the borrower, for his services in effecting the loan, where the lender does not participate in the compensation thus received.

4. Where usury is set up as a defense, proof of *other usurious transactions* on plaintiff's part in loans· effected at or about the time when the note in suit was executed, is not admissible.

APPEAL from the Circuit Court for *Washington* County.

Action for the foreclosure of a mortgage. Defense, usury. The opinion states the case. Judgment for plaintiff; from which defendants appealed.

*Frisby & Weil*, for appellant, argued that the circuit court erred in refusing to permit defendants to show other usurious transactions on the part of plaintiff, at or about the time of making the loan in question. Such transactions were circumstances tending to strengthen defendants' proofs as to the receipt by plaintiff of the $100 *bonus*. In *Brinkerhoof v. Foot*, 1 Hoff. Ch., 291, such evidence was received. In cases of fraud, evidence of contemporaneous frauds of a similar kind is admissible. *Hall v. Naylor*, 18 N. Y., 588; *Olmsted v. Hotailing*, 1 Hill, 317. The principle upon which the evidence is admitted in the latter case, would seem to apply in case of usury. Where a gratuity is given to influence a loan, it will be considered usury. 7 Ohio St., 387. The rule is, that it must clearly appear, where commissions are paid, that they are for services, and not a device to evade the law. *Meagoe v. Simmons*, 22 E. C. L., 266. If Weinhagen was plaintiff's agent in loaning the money, it matters not which received the *bonus*, if plaintiff knew that it was paid. 28 Vt., 130, 133. See also *Condit v. Baldwin*, 21 N. Y., 219.

*Jenkins & Elliott*, for respondent, contended that a *bonus* paid to an agent by the borrower, as compensation for procuring a loan, does not render the loan usurious, if not resorted to for the purpose of enabling the lender to procure more than the

legal interest.   So an agent of the lender may lawfully take a reasonable compensation or *bonus* from the borrower for his services, and if the lender in no way participates therein, the transaction is not tainted with usury.   *Dagnall v. Wigley*, 11 East, 43; *Baxter v. Buck*, 10 Vt., 548; *Caster v. Dilworth*, 8 Cow., 299; *Barretto v. Snowden*, 5 Wend., 181; *Condit v. Baldwin*, 21 Barb., 181, affirmed 21 N. Y., 219.   *Rogers v. Buckingham*, 33 Conn., 81.   To constitute usury, there must be an intention on the part of the lender to evade the law, and to reserve for himself a greater sum than the legal rate of interest.   *Varick's Ex'rs v. Crane*, 3 Green Ch., 128.   Even the agent of the lender may be employed to perform services for the borrower, and receive compensation therefor, without rendering the transaction usurious.   *McFarland v. Carr*, 16 Wis., 259.

COLE, J.   Early in the term a motion was made to strike out the exceptions filed to the findings of fact and conclusions of law, for the reason that such exceptions were not filed within the time prescribed.   This motion has been decided, but the ground of the decision has not been stated.   It is thought best to state it here.   It appears from the affidavits filed in support of the motion, that written notice of the entry of the judgment was served upon the attorneys for the defendants on the 25th of June, 1872.   There are upon file exceptions purporting to have been filed on the 29th of the same month, but it is admitted that the exceptions were not endorsed filed on that day, although the counsel for the defendants claim they were actually left at the clerk's office on that day to be filed.   Owing to the absence of the clerk and his deputy, they were not then filed, but were subsequently filed by the clerk as of that day.   Subsequently a motion was made in the circuit court to correct the record so as to show the true date of the filing of the exceptions, and the court ordered that the clerk erase the words, " Filed June 29, 1872," indorsed by him on the back of the exceptions, and insert in lieu thereof the words, " Filed Aug. 14,

Ottillie vs. Wæchter and others.

1872," which was done.   It was claimed that if there was any irregularity in filing the exceptions originally, this order of the circuit court was equivalent to leave to file them as of the 14th of August, and after the expiration of the time prescribed for filing exceptions.   We are inclined to so hold, and upon this ground the motion to strike out the exceptions from the printed case was denied.

This action was brought in the circuit court of Washington county for the foreclosure of a mortgage upon lands situated in that county.   The cause was tried at the March term, and the circuit judge took it under advisement.   On the 3d day of June thereafter, the circuit judge filed his findings of fact and conclusion of law, that the plaintiff was entitled to the usual judgment of foreclosure and sale of the mortgaged premises. Such judgment was signed at a general term of the circuit court for Green Lake county, and remitted to and filed with the clerk of the circuit court for Washington county.   It is claimed now that there was some irregularity in the rendition of this judgment, and that it was without authority of law. But, as we understand the facts, the action was brought, tried and determined in the county where the mortgaged premises were situated.   The statute provides that upon a trial of a question of fact by the court, its decision shall be given in writing and filed with the clerk within twenty days after the court at which the trial took place, and judgment upon the decision shall be entered accordingly.   Sec. 19, ch. 132, R. S. This statute is doubtless directory, so far as the time within which the decision is to be filed with the clerk is concerned. But it plainly authorizes the filing of the decision after the court at which the trial took place; and judgment is entered thereon as a matter of course.   True, the judgment was signed by the circuit judge at the general term of the circuit court of another county, but this gave it no special efficacy or vitality. The judgment is to be deemed the judgment of the circuit

court of Washington county, where the action was really tried and determined.

The defense to the mortgage was usury.   The circuit court, in its finding of facts, states very accurately the circumstances attending the making of the loan and the giving of the note and mortgage, as follows: " On the 7th day of October, 1868, the defendants, *Waechter* and wife, being pressed for money, applied to one Leopold Weinhagen to obtain for them a loan of the sum of nine hundred dollars, and agreed to pay him one hundred dollars for his services on procuring such loan.   The said Weinhagen thereupon, upon behalf of and as the agent of the *Waechters*, applied to the plaintiff for the money, which the plaintiff agreed to loan upon mortgage.   On the 9th day of October, 1868, said Weinhagen acquainted the plaintiff with his arrangement with the *Waechters*, and received from the plaintiff nine hundred dollars in money, and a note of Weinhagen's for $100, which the plaintiff held against Weinhagen, dated September 26, 1868, at 30 days, which was thereby surrendered, cancelled and paid.   Weinhagen delivered the nine hundred dollars to the *Waechters*, and received from them the note and mortgage in suit; caused the mortgage to be recorded, and delivered it with the note to the plaintiff.   That the plaintiff had no communication with the *Waechters* until long after the execution and delivery of the mortgage, and that Weinhagen acted in procuring the loan as the agent of the *Waechters*, and the plaintiff at no time had or received from Weinhagen any part of the one hundred dollars, the compensation agreed to be paid him for his services."   There is some conflict in the testimony, but the above are the substantial facts as established by the evidence.

The case, then, would seem to be narrowed down to the simple question, whether the contract was rendered usurious because Weinhagen, the sole agent of the defendants, informed the plaintiff that he was to be paid one hundred dollars for his

services in effecting the loan? We are unable to understand upon what ground it can be said that this circumstance tainted the loan with usury. This brokerage transaction was a matter exclusively between the defendants and their agent. The plaintiff was not benefited by it, and has not directly or indirectly received any part of the compensation which the defendants saw fit to pay him for his services in procuring the loan. There was an effort made to show that Weinhagen acted as the agent of the plaintiff in negotiating the loan; but the circuit judge has negatived that fact in the finding, and, as we think, very correctly. The evidence fails to show that he was acting for the plaintiff either under any general or special authority. He was solely and exclusively the agent of the defendants. And if the contract is usurious, it is so because the plaintiff was informed by Weinhagen of the amount the defendants were to pay him for his services. We have not been referred to any case which holds that the contract will be affected with usury if the lender is told by the agent of the borrower the amount of brokerage he is to receive, and where there is no ground for charging such lender with any participation in the bonus or commission paid the agent. Of course, where the agent, acting solely for the lender, exacts a bonus for himself as a condition of making the loan, the question is different. *McFarland v. Carr*, 16 Wis., 259. And there are even cases which hold that where an agent entrusted with money to invest at legal interest, exacts a bonus for himself without the knowledge or authority of his principal, this does not constitute usury in the principal, nor affect the security in his hands. *Condit v. Baldwin*, 21 N. Y., 219. See also *Rogers v. Buckingham*, 33 Conn., 81; *Muir v. The Newark Savings Institution*, 16 N. J. Eq. (1 Green), 537; *Conover v. Van Mater*, 18 id. (3 Green), 481; *Austin v. Harrington*, 28 Vermont, 130. But it is unnecessary to go into that discussion here. In this case Weinhagen acted as the agent of the borrowers, and the lender in no way participated in the commission paid him for his ser-

vices.  We therefore think there was no usury in the transaction, even though the lender knew the amount which the agent was to receive.  If the evidence sustained the assumption of defendants' attorney, that the plaintiff pocketed this one hundred dollars, the transaction would clearly be usurious.  But we think the testimony will not warrant any such conclusion.

On the trial, the defendants offered to prove usurious transactions on the part of the plaintiff in other loans effected at or about the time of the execution of this note and mortgage. And more or less testimony of that character was admitted provisionally by the circuit court, under objection.  It seems to us that such testimony is not admissible, within the rules which govern in cases of this kind.  It is necessary to show that the contract in question is affected with usury.  It is obvious that a lender might exact unlawful interest on one loan and not upon another.  We were referred to *Hall v. Naylor*, 18 N. Y., 588, where the question arose whether a vendee of goods procured the sale of them through fraud, and it was held that evidence of contemporaneous frauds in purchases made by him was admissible.  Questions of fraud stand upon peculiar grounds.  The case of *Hall v. Naylor* may be good law, but it does not show that evidence of other usurious transactions on the part of the plaintiff would be admissible to prove usury in this note and mortgage in question.  A corrupt and usurious agreement may be made by a lender with one borrower and not with another.

It results from these views that the defense of usury was not sustained, and that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.