Hathaway *v.* Hagan.

## HIRAM HATHAWAY *v.* DANIEL HAGAN.

### [In Chancery.]

*Foreclosure of Mortgage. Usury. Award. Submission.*
*Oral Agreement as to Note. Report of Master.*
*Exception. Interest. Answer.*
*Cross-Bill. Mistake.*

1. An oral submission, and not a written award, governs as to what was submitted.

2. When the payor of a mortgage note, in a foreclosure proceeding in accounting before a master, is allowed, without objection, or exception to the report, to prove an oral agreement relating to the note, and made at the time of its execution, in effect that the payor protested that he did not owe it, and that the payee promised that, if on the settlement it was not found all right, he would make it so, such agreement is as operative as though a part of the note itself; and compels the payee to show consideration *aliunde.*

3. Interest Paid by Mistake. And in such accounting the payee cannot retain interest paid by mistake on a note designedly written without interest.

4. Usury. Money paid above the legal rate for the forbearance of an existing debt is usury.

5. Usury—Fraud. Usury cannot be covered by the subterfuge of a sale or of an unfounded claim for damages to hired property.

6. Answer—Cross-Bill. In a foreclosure proceeding where the master reports an overpayment of the mortgage, the defendant under an answer is not entitled to affirmative relief; but the case on motion will be remanded that a cross-bill may be filed.

Bill to foreclose a mortgage. Heard on the report of a special master, March Term, 1886, Washington County, Powers, Chancellor. It was decreed that the award made by W. B. Porter, arbitrator, was not conclusive of the matters in controversy; as it was upon other differences than those now involved; that the burden was on the orator to show a consideration of the $361 note, and that he had failed to do so; that defendant is entitled to the interest paid by mistake on the note written without interest; that the $120.50 claim is without consideration, save the $6 due for rent of cow, and $5, actual value of sleigh; and that, if on the above holdings there

was anything due the orator, he was entitled to the usual decree. The facts are sufficiently stated in the opinion.

*T. J. Deavitt*, for the orator.

There is the ordinary presumption of consideration in the $361 note. *Harrington* v. *Lee*, 33 Vt. 249. As the note was given prior to the statute of 1867, which changed the common law, the defendant cannot set up a partial failure of consideration. *Thrall* v. *Horton*, 44 Vt. 386; *Clough* v. *Patrick*, 37 Vt. 421; *Cragin* v. *Fowler*, 34 Vt. 326. Extension of time is a good consideration. 2 Am. Lead. Cas. 184.

*Heath & Willard*, for the defendant.

The submission, and not the award, though written, determines what was submitted. *Davis* v. *Vass*, 15 East, 97; *Buccleuch* v. *Board of Works*, L. R. 5 Ex. 221; *Blackwell* v. *Goss*, 116 Mass. 394; Cald. Arb. 289; *Price* v. *Popkin*, 10 A. & E. 139. Upon a bill brought for an accounting, the party against whom the balance is found will be decreed to pay it. 1 Dan. Chan. Prac. 285; *Columbian Gov.* v. *Roths-child*, 1 Sim. 94; *Wells* v. *Stranger*, 5 Ga. 22; *Campbell* v. *Campbell*, 4 Halst. Ch. 740; *Clark* v. *Tipping*, 4 Beav. 588. See *Harrigan* v. *Bacon*, 57 Vt. 644; *Dwinell* v. *Bliss*, 58 Vt. 353. The burden was on the orator to show a consideration of the note. *Delano* v. *Bartlett*, 6 Cush. 364; *Small* v. *Clewly*, 62 Me. 155; *Search* v. *Miller*, 9 Neb. 26.

The opinion of the court was delivered by

ROWELL, J. The award is not binding as to the matters in dispute here, for they were not submitted, but only the matter as to the three months and a half's interest. And the fact that the award recites that *all* matters in difference were submitted, is not controlling; for it is the submission that governs as to what was submitted, and not the award.

The master finds, on testimony admitted without objection, that the defendant signed the $361 note, protesting that he did

not owe it, and under the orator's oral agreement that if on looking over and settling, it was not found to be all right, he would make it right. The report is not excepted to, and this branch of the case stands for disposition on the facts reported. The oral agreement being proved without objection, it is as fully operative as though it had been reduced to writing as a part of the note itself, and takes away the otherwise *prima facie* effect of the note as evidence of consideration, and compels the orator to show consideration *aliunde*, which he has failed to do, and therefore cannot recover the note.

Nor can he retain the interest mistakenly paid upon it, as it was designedly written without interest.

As to the $50 for damage on the cow, parcel of said sum of $120.50, the master finds that the orator had no valid claim for such damage, but that he took advantage of the defendant's necessity for extension of time on his notes, and compelled him to allow it, which he would not have done, and which the orator knew he would not have done, but for his necessity. A similar finding in *Sartwell* v. *Horton*, 28 Vt. 370, was regarded as a distinct finding that the claim was false to the knowledge of the party making it; and we regard this finding as amounting to that. This being so, the orator is not entitled to receive, nor to retain, if he has received, that $50. *Sartwell* v. *Horton* is full authority for this, in which the rule is laid down to be, that if there is a want of good faith in making a claim, and the party making it is exacting that which he does not believe to be a right, and there be—among other things—any undue advantage taken of the other party's situation, and he pays money, it may be recovered. *Hoyt* v. *Dewey*, 50 Vt. 465, is to the same effect. And see *Bellows* v. *Sowles*, 55 Vt. 391.

Besides, this transaction was clearly usurious. It was nothing but an agreement on the one hand for receiving, and on the other for paying, interest above the legal rate for granting further time; and money paid above the legal rate for the forbearance of an existing debt is usurious as well as money thus paid at the time of the loan or the creation of the debt. *Carlis*

v. *McLaughlin*, 1 D. Chip. 111; *Hawkins* v. *Life Ins. Co.* 57 Vt. 591.

As to the purchase price of the sleigh, other parcel of said sum of $120.50 : The defendant did not want the sleigh, and had no use for it; but the orator took advantage of his situation and compelled him to buy it at fifteen times its value, in order to get extension on his notes, which were then in the hands of an attorney for collection. These circumstances make that transaction usurious also, notwithstanding the subterfuge of a sale resorted to to cover it; for the law is quick to discern the intents of men, and piercing even to the dividing of the joints and marrow of sham and pretence. *Austin* v. *Harrington*, 28 Vt. 130; *Low* v. *Prichard*, 36 Vt. 183; POLAND, C. J., in *Williams* v. *Wilder*, 37 Vt. 613, 619.

It resulting from this holding that the defendant has largely overpaid his mortgage, he asks for affirmative relief in respect thereof under his answer, claiming that this is a bill to account, and that in such cases the party against whom the balance is found will be decreed to pay it. But although an accounting is incident to a bill to foreclose, yet such a bill is not a proper bill to account; for what are called bills to account are brought only when there are mutual accounts between the parties, that is, when each party has received and paid for the other; or when the accounts are all on one side, but there are circumstances of great complication and difficulty in the way of adequate relief at law; or when a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account to the orator. 3 Pomeroy's Eq. s. 1421.

And now, the defendant asking for liberty to apply for leave to file a cross-bill, the cause is remanded for that purpose, with mandate.