Franzen v. Hammond, 136 Wis. 239.

FRANZEN and another, Appellants, vs. HAMMOND, Respondent.

*April 18—September 29, 1908.*

*Usury: Agency: Exaction of bonus from borrower: Presumption of knowledge by lender: Scope of agency: Ratification.*

1. The fact that the lender's son, who acted as her agent in making a loan of money, did not receive any compensation from her, did not raise a conclusive presumption that she knew he exacted from the borrower a commission in addition to lawful interest for the loan.

2. The exaction, by the lender's agent from the borrower, of a commission or bonus for himself, which, with the interest charged, exceeds the lawful rate of interest, does not make the loan contract usurious as to the lender, if such exaction was without his participation or knowledge.

3. The exaction of usury is not within the apparent scope of an agency to make loans.

4. The receipt by the lender of a security regular upon its face, and assertion of a right to enforce it according to its tenor, do not constitute ratification of any act of the lender's agent in violation of law.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge.    *Affirmed.*

Action to set aside and cancel a mortgage on the ground that the same was tainted with usury and before the commencement of the action plaintiffs duly tendered to the de-

fendant the entire sum to which she was entitled.    The is-
sues were decided thus: April 14, 1905, plaintiffs gave de-
fendant their note secured by mortgage for $790, due one
year from date with eight per cent. interest per annum.
April 30, 1906, plaintiffs duly tendered in payment of said
note $750 and demanded a satisfaction of the mortgage.
The loan was made through a son of defendant who had au-
thority to make loans for her and draw checks therefor on her
bank account.    He received no compensation from her for
his services and was responsible for all loans he made.    He
took from plaintiffs the note and mortgage in question for the
defendant, giving two checks on her account signed by him
as agent, one for $750 and one for $40, the last of which was
duly indorsed and given back to the agent.    She had no fur-
ther knowledge of the transaction than that her son accounted
to her for $790 drawn from her bank account, by delivering
the note and mortgage.    She did not make or authorize an
usurious contract.

Upon such facts the conclusion was reached that plaintiffs
were not entitled to recover.    Judgment was entered accord-
ingly in defendant's favor.

For the appellants there was a brief by *O. G. Erickson,* at-
torney, and *Max H. Strehlow,* of counsel, and oral argument
by *Mr. Erickson.*

*Orlando E. Clark,* for the respondent.

The following opinion was filed May 8, 1908:

MARSHALL, J.    We are unable to discover any warrant
for disturbing the findings of fact.    The only question raised
in regard thereto is whether respondent knew her son ex-
acted from the borrower a sum of money in addition to lawful
interest for the loan and retained the same as compensation
for his services.    The direct evidence is to the effect that she
had no such knowledge, but the claim is made that from the
circumstance of the agent not receiving compensation from

the lender, a presumption arises that she knew he received such from the borrower, and many authorities are cited to that effect. None of them hold that such circumstance is more than evidentiary. Where it is of such probative character as to create a presumption of knowledge it is subject to be rebutted, as it was sufficiently in this case to warrant the finding. Because of the relationship existing between respondent and her agent, he being her son, it was most natural that she did not expect to pay him any pecuniary consideration for his services nor suspect that he would receive any secret benefit from handling her money; that she trusted him to conduct her business in consideration of their relationship.

*Rogers v. Buckingham,* 33 Conn. 81, is a good illustration of many cases that might be cited supporting the suggestion that the presumption referred to, when it arises, is merely one of fact which yields readily to evidence showing the contrary. The court said:

"It may be presumed where the agency is general, and embraces the business of making, managing and collecting the loans of a monied man" and he makes an usurious loan, that it was authorized by the lender. "But it is a presumption of fact and may be rebutted. . . ."

The presumption did arise in that case, but it was held rebutted by circumstances authorizing a finding that the action of the agent was unauthorized and that the exaction of the excessive amount for the use of the money was for his benefit only and must have been so understood by the borrower.

It is useless to review the many cases cited where it has been held that the exaction of a bonus by the agent of the lender which, with the interest charged, exceeded the lawful rate of interest, rendered the transaction usurious. None of them involved exactly such circumstances as characterized this case. In substance, all of the excessive exactions though ostensibly as commissions were in fact cloaks for the real purpose of obtaining more than legal interest for the money.

The proposition submitted here is this: If a person in-trusts another with money to loan and such other lends the same, charging and receiving from the borrower a sum of money in addition to legal interest as compensation for his services, but without any direction by or knowledge of the lender, is the contract between the lender and borrower tainted with usury?

The cases cited to our attention to support the affirmative do not seem to be in point. In *Kemmitt v. Adamson,* 44 Minn. 121, 46 N. W. 327, the lender actually participated in the transaction. In *Avery v. Creigh,* 35 Minn. 456, 29 N. W. 154, the agent was expressly authorized to make all he could for himself out of the borrower and pursuant thereto he charged and received a sum in excess of a reasonable com-mission. In *Joslin v. Miller,* 14 Neb. 91, 15 N. W. 214, the agent and the lender shared in the exaction which in the whole added to the interest agreed upon in the note was ex-cessive. In *Stephens v. Olson,* 62 Minn. 295, 64 N. W. 898, the principal had the benefit, though without his knowledge, of the excessive charge. It was included in the note and the lender, after learning of the fact, ratified the agent's act by insisting upon payment of the note as written. In *Meers v. Stevens,* 106 Ill. 549, it was found as a fact that the transac-tions of the agent were resorted to for the very purpose of circumventing the usury law.

All the other cases referred to by appellants' counsel out-side of this state are similar to those we have mentioned, ex-cept *Austin v. Harrington,* 28 Vt. 130, and one or two others of that class, holding that where one makes another a general agent for the loaning of money he is bound by all such other does within the apparent scope of the agency, though he has no knowledge thereof, and that such apparent scope includes the charging of a commission so large as to render the con-tract usurious. There are two lines of cases on the subject, one holding that the making of usurious loans is not within

the apparent scope of a general agency to loan money, and it seems that such is the better rule. The following belong to such class: *Condit v. Baldwin,* 21 N. Y. 219; *Estevez v. Purdy,* 66 N. Y. 446; *Rogers v. Buckingham,* 33 Conn. 81; *Gokey v. Knapp,* 44 Iowa, 32; *Muir v. Newark Sav. Inst.* 16 N. J. Eq. 537; *Conover v. Van Mater,* 18 N. J. Eq. 481; *Manning v. Young,* 28 N. J. Eq. 568; *Stillman v. Northrup,* 109 N. Y. 473, 17 N. E. 379; *Baldwin v. Doying,* 114 N. Y. 452, 21 N. E. 1007.

The rule laid down in *Condit v. Baldwin, supra,* is followed in all of the cases cited and with few exceptions has been adopted by the courts of this country. It is stated thus:

If "an agent intrusted with money to invest at legal interest" exacts "a bonus for himself as the condition of making a loan, without the knowledge or authority of his principal," such circumstance does "not constitute usury in the principal nor affect the security in his hands."

The court said, in effect, that it is only where the agent of the lender takes a sum in excess of legal interest under such circumstances that the sum so taken can be considered as obtained in whole or in part for the lender that the contract is tainted with usury, and even in that case it is not so tainted unless the lender knows of the taking and ratifies it; that when the sum taken is for the agent exclusively and so understood by the borrower there is no taint of usury; that acceptance of the note by the lender and assertion of a right to recover thereon according to its terms, only ratifies the contract as expressed in the paper.

The doctrine above stated seems to be sound. It is not within the apparent scope of a legitimate business agency to violate the law. So where an agent loans money, exacting a bonus for himself, the presumption is rather that it is without the knowledge of the principal than with such knowledge. It logically follows that the circumstance of a principal accepting securities from his agent covering the exact amount

of money loaned and showing on their face that the loan was legitimate and insisting upon enforcing the same after obtaining knowledge of the excess the agent charged solely for his own benefit, does not make the transaction as to the lender usurious. A very large array of authority to that effect is found cited to the text of Webb, Usury, at sec. 93, and Tyler, Usury, at page 170.

The latter author, after reviewing the authorities and particularly *Austin v. Harrington,* 28 Vt. 130—one of the few cases out of harmony with the foregoing,—said:

"The doctrine is well settled, and universally recognized, that an agent may lawfully take a reasonable commission or bonus from the borrower for his expenses and services in effecting a loan; and whenever the lender is not a privy to the arrangement between the borrower and the agent or in no way participates in the commission or bonus, the transaction will be regarded as free from the taint of usury. . . . If an agent, in making a loan of money, accepts from the borrower a bonus beyond the legal rate of interest, such act of the agent will not render the contract usurious, if the bonus was taken without the knowledge of the principal, and was not received by him."

That is stated as the law declared in New Jersey, New York, and elsewhere.

The same subject was treated in *Acheson v. Chase,* 28 Minn. 211, 9 N. W. 734, the court holding under circumstances similar to those here that the contract was not tainted with usury, and that in such a case the exaction of the bonus and receipt of the same was not within the apparent scope of the agency contract and so not ratified by the lender's insisting upon the validity of the securities according to their tenor after obtaining knowledge of the fact.

But counsel for appellants contend that this court is committed to the very limited line of authorities not in harmony with what has been said, of which *Austin v. Harrington,*

*supra,* is a good sample. Such is not the opinion of the court.

In *McFarland v. Carr,* 16 Wis. 259, the agent made the loan under directions of the lender and received the bonus, not as his own, but as the money of his principal. The court distinctly held that in such circumstances as we have here the contract would not be tainted with usury. The case was distinguished from those we have cited, particularly *Condit v. Baldwin,* 21 N. Y. 219. The ground of the decision is stated in these words: "We must assume that Warden, in making the loan and exacting the payment of the $50, acted as agent of McFarland" (the lender). If that were so no one will contend that the contract was not usurious. In this case it must be kept in mind though respondent's son acted as her agent, he did not as such agent exact the bonus. He exacted it independently of his agency. He demanded it not for his principal, but for himself as the court found.

In *Ottillie v. Wæchter,* 33 Wis. 252, the agent acted solely for the borrower and it was held that in such a case the exaction by the agent from his principal, with knowledge of the lender, of a bonus does not constitute usury. *McFarland v. Carr, supra,* was referred to inadvertently, in a way to indicate that its scope is other than that which we have stated as to the circumstance being that the exaction was with the knowledge and by the direction of the principal. *Condit v. Baldwin, supra,* was referred to and the rule thereof stated without approval or disapproval.

It is the opinion of the court that *Condit v. Baldwin* states the true rule, so far as it holds that the exaction by the agent of a lender, without his knowledge or participation, of the borrower of a sum as commission for doing the business, such exaction being a private matter between the agent and the borrower, does not make the loan contract as to the lender usurious; that it is not within the apparent scope of such an agency to violate the law, and that the receipt by the lender

of the security, regular upon its face, and assertion of a right to enforce it according to its tenor, does not constitute ratification of any act of the agent in violation of law.     The result is that the judgment must be affirmed.

*By the Court.*—So ordered.

A motion for a rehearing was denied September 29, 1908.