FREEDMAN v. KATZ.

1. Usury—Principal and Agent—Evidence.

In a suit to discharge a mortgage and to enjoin its foreclosure on the ground that it was usurious, tender having been made of the amount received with five per cent. interest, evidence *held*, to show that if one of the defendants claiming to be a broker in the transaction was not the real lender he was general loan agent for the other defendant and had her money on hand to loan.

2. Same—Lender's Notice of Agent's Excessive Charge Necessary to Render Mortgage Usurious.

A loan is not rendered usurious by the lender's agent charging the borrower, for his own benefit, a commission or bonus for procuring the loan, in excess of the maximum legal rate of interest, where such charge is made without the lender's knowledge or consent, either express or implied, and is not ratified or shared by him.

3. Same—Lender's Notice May be Implied from Circumstances.

Knowledge and consent of lender to his agent's charging the borrower a commission or bonus for procuring the loan in excess of the maximum legal rate of interest may be implied from circumstances, and, while not conclusive, circumstances of blood relationship between the lender and the agent, and that the lender paid the agent no compensation for his services, are of great weight.

4. Same—Burden of Proof Shifts to Lender on Proof of General Loan Agency.

When general loan agency has been established and excessive exaction shown, the burden shifts to the mortgagee to prove that his agent took the fee for his own benefit, not for the benefit of the mortgagee, and without his knowledge or consent.

5. Same—Burden of Proof Not Sustained.

Where the lender and her agent made no showing, other than their unsupported statements, that the agent retained the

As to whether commissions charged by lender's agent is usury, see annotation in 19 L. R. A. (N. S.) 391; 46 L. R. A. (N. S.) 1157; 21 A. L. R. 841.

whole fee charged, when they could have proved the fact by the written evidence of their correspondence submitting and accepting the loan, and production of the lender's check forwarding the money to her agent, the court below properly held that they had failed to sustain the burden of proof imposed upon them under the circumstances.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 11, 1929. (Docket No. 85, Calendar No. 34,112.) Decided March 29, 1929.

Bill by Abraham Freedman and another against Lena Katz and another to enjoin the foreclosure of a mortgage. From a decree for plaintiffs, defendants appeal. Affirmed.

*Charles L. Goldstein,* for plaintiffs.

*Benjamin Alpert,* for defendants.

FEAD, J. Defendant Alpert is an attorney at law who sometimes acts as loan broker. Lena Katz is his sister and lives in Connecticut. Alpert has made several mortgage loans in Detroit for Mrs. Katz. Freedman wanted to borrow on second mortgage, and a relative, for whom Alpert had negotiated a loan, referred him to Alpert. Alpert offered to obtain $2,500 for Freedman in consideration of $450, which Alpert said was a brokerage fee and Freedman said was called a bonus. Alpert looked at the property, examined the title, took a mortgage for $2,500 for one year, running to Mrs. Katz, bearing interest at six per cent. before maturity and seven per cent. thereafter, and gave Freedman his personal check for $2,050. In May, 1928, semi-annual interest was paid by check drawn to Lena Katz and delivered to Alpert. Just before expiration of the year, Alpert wrote Freedman, demanding prompt

payment. Payment was not made, Alpert commenced 'statutory foreclosure, a few days before date of sale Freedman had tender made to Alpert of $2,050, with interest at five per cent., Alpert refused the tender, and Freedman and his wife filed this bill, offering to pay the amount tendered and asking discharge of the mortgage. The circuit court granted the prayer of the bill.

Defendants testified that the transaction was purely one of brokerage, that Alpert acted as broker for plaintiffs, that he submitted the Freedman loan to Mrs. Katz with his recommendation, she accepted it, sent Alpert her check for $2,500, she received no part of the $450 fee, and did not know Alpert had taken it.

The relationship between Alpert and Mrs. Katz contained possibilities of a *bona fide* brokerage connection, an agency, or a subterfuge. The oral testimony of defendants that the transaction was a brokerage was seriously impeached by the fact that, if true, they could have proved it by the written evidence of their correspondence, submitting and accepting the loan, and production of Mrs. Katz's check, forwarding the money to Alpert, and they failed to do so. The physical facts indicated that Alpert was Mrs. Katz's agent, if she was the real lender. Alpert spoke with authority in making and handling the loan, passed upon the security and title, drafted and recorded the mortgage, gave his personal check to the mortgagor, made demand for payment, offered to renew for a year on payment of another $450, conducted the foreclosure proceedings, signed Mrs. Katz's answer in this suit as her attorney in fact, and had been making loans for her. The testimony fairly preponderates that if Alpert was not the real lender, he was general loan agent

for his sister and had her money on hand to loan. *Matteson* v. *Blackmer,* 46 Mich. 393.

The great weight of authority is that a loan is not rendered usurious by the lender's agent charging the borrower, for his own benefit, a commission or bonus for procuring the loan, in excess of the maximum legal rate of interest, where such charge is made without the lender's knowledge or consent, either expressed or implied, and is not ratified or shared by him. 21 A. L. R. 841, note. However, such knowledge and consent may be implied from circumstances. While not conclusive, circumstances held to be of weight, both of which are present at bar, are blood relationship between the lender and agent (*Franzen* v. *Hammond,* 136 Wis. 239 [116 N. W. 169, 19 L. R. A. (N. S.) 399, 128 Am. St. Rep. 1079]; *Rogers* v. *Buckingham,* 33 Conn. 81); and the fact that the lender paid the agent no compensation for his services (21 A. L. R. 860).

Once general loan agency has been established and excessive exaction shown, the burden shifts to the mortgagee to prove that his agent took the fee for his own benefit, not for the benefit of the principal, and without the lender's knowledge or consent. *Dalton* v. *Weber,* 203 Mich. 455; *Stein* v. *Swensen,* 44 Minn. 218 (46 N. W. 360, 24 Am. St. Rep. 234); 39 Cyc. p. 1053. Defendants made no showing, other than their unsupported statements, that Alpert retained the whole fee. They produced no written evidence that Mrs. Katz actually invested more than the amount Alpert paid plaintiffs. The circuit judge, who had the advantage of seeing the witnesses, rejected defendants' testimony, and, in view of the ease with which they could have demonstrated their claim had it been true, we must hold that they have not sustained the burden.

The remedy on the injunction bond is pointed out in *Epstein* v. *Graff*, 231 Mich. 232.

Decree will be affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.